NOT FOR PUBLICATION                                          (Docket No. 26)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                           :
JAMES DAVIS, on behalf of                  :
himself and all others                     :
similarly situated, as defined             :
herein                                     :
                                           :
                    Plaintiff,             :        Civil No. 07-630 (RBK)
                                           :
          v.                               :        **OPINION**
                                           :
                                           :
DELL, INC.,                                :
                                           :
                    Defendant.             :
_____:

**KUGLER**, United States District Judge:

        This matter comes before the Court on the appeal by Plaintiff James Davis ("Plaintiff" or

"Davis"), on his own behalf and on behalf of all others similarly situated, of the order of

Magistrate Judge Ann Marie Donio's ruling directing Plaintiff and Defendant Dell, Inc.,

("Defendant" or "Dell") to arbitration.  For the reasons that follow, this Court affirms Judge

Donio's decision staying the proceedings and compelling arbitration.

## I.      BACKGROUND

        Plaintiff alleges that he purchased an LCD television online from Defendant in December

2004.  (Am. Compl. ¶ 11.)  He claims the television's audio would sometimes come through

without accompanying video.  (Id.)  He requested a replacement television under his one-year

express warranty eleven months after his original purchase.  (Id.)  Upon receiving his replacement television, he asserts it exhibited the same problems as the original television.  (Id.)

Plaintiff alleges Dell designed or manufactured LCD televisions with uniform and inherent defects when they knew or should have known such defects existed.  (Id. ¶ 7.)  He argues that despite this knowledge, Dell refused to remove them from the market at the expense of a defined class of consumers.  (Id.)  Davis further alleges that Dell made a practice of replacing defective LCD televisions with equally defective, refurbished products when consumers requested replacements under warranty.  (Id. ¶ 8.)

Plaintiff does not deny that in ordering his LCD television online, he clicked a button indicating he agreed to the U.S. Terms and Conditions of Sale.  (Def.'s Ex. 1, Ex. A, "Terms and Conditions".)  The Terms and Conditions begin with a clear warning advising purchasers to "Please read this document carefully, it contains very important information about your rights and obligations."  (Id.)  The introduction paragraph states, "These terms and conditions. . . apply to your purchase of computer systems and/or related products and/or services and support."  (Id.)  It goes on to maintain that "[t]his agreement shall apply unless. . . you have a separate purchase agreement."  (Id.)  Paragraph 11 of the Terms and Conditions declares in all capital letters that the Terms and Conditions "shall be governed by the laws of the state of Texas, without regard to conflict of laws rules."  (Id.)  Paragraph 13 of the Terms and Conditions deals with the agreement to submit to binding arbitration, which mandates that "any clam, dispute, or controversy . . . between customer and Dell . . . shall be resolved exclusively and finally by binding arbitration administered by the National Arbitration Forum . . . Neither customer nor Dell shall be entitled to join or consolidate claims. . . or arbitrate any claim as a representative or class action."  (Id.)

2

Also included within the Terms and Conditions was the limited warranty, which Davis knew about and took advantage of when he requested a new television.  (Id.)  When the LCD television was shipped, it was accompanied by a printed copy of the Terms and Conditions, which informed Plaintiff that "all sales are subject to Dell's Terms and Conditions of Sale." (Def.'s Ex. 1 at 3 ¶ 5.)

Plaintiff filed a complaint against Dell on February 7, 2007.[1]  On April 13, 2007, Dell filed a Motion to Stay Proceedings and Compel Arbitration pursuant to the Terms and Conditions.  Magistrate Judge Donio granted the motion on December 28, 2007.  Davis v. Dell, Inc., Civ. No. 07-630, Dkt. No. 23, 24 ("Opinion").  Plaintiff appeals that ruling to this Court.

## II.    STANDARD OF REVIEW

This Court has appellate review over the Opinions and Orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Rule 72.1(c) of the Local Rules of the United States District Court for the District of New Jersey.  Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review:  (1) a "clearly erroneous or contrary to law" standard for non-dispositive matters, and (2) a de novo standard for dispositive matters.  Nat'l Labor Relations Board v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992).  In the case of a non-dispositive matter, this Court will review findings of fact under a clearly erroneous standard and undertake a de novo review to determine if legal conclusions are contrary to law.  Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D.

---

[1] Initially, Davis brought the claim as a co-plaintiff with Tracy Jackson, a Texas resident, and on behalf of a nationwide class of consumers who had purchased Dell LCD televisions.  On May 8, 2007, however, after Dell filed the instant motion to stay the proceedings and compel arbitration, Davis filed an Amended Complaint in which Jackson is no longer named as a co-plaintiff and the putative class is redefined to include only New Jersey residents.

119, 127 (D.N.J. 1998).  The issues in this case relate solely to non-dispositive matters.  As such, this Court will review the magistrate judge's legal conclusions de novo.

## III.    ANALYSIS

Davis finds fault with a host of Judge Donio's legal decisions.  First, Plaintiff asserts the Terms and Conditions do not apply to his purchase of the LCD television because he did not make a "purchase of computer systems and/or related products and/or services and support." (Terms and Conditions.)  Even if the Terms and Conditions do apply, he contends the arbitration clause should be unenforceable.  In support of this contention, he suggests that New Jersey law should govern because the arbitration clause is against a fundamental public policy of the state and that under New Jersey law the clause is unconscionable.  He further argues that the rules and procedures of the arbitration forum specified by the Terms and Conditions, the National Arbitration Forum ("NAF"), make it an unfair forum for consumers to bring claims in.

Underlying the arguments of this case, the Court notes the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, guarantees that any agreement to settle a dispute by arbitration in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

In enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."  Southland Corp. v. Keating, 465 U.S. 1, 10 (1984).  Congress intended the FAA "to abrogate the then-existing common law rule disfavoring arbitration agreements 'and to place arbitration agreements upon the same footing as other contracts.'"  Martindale v. Sandvik, Inc., 800 A.2d 872, 876 (N.J. 2002) (quoting Gilmer v.

4

Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)).  As a result, parties may waive statutory

remedies and the right to trial by jury in favor of arbitration.  See Garfinkel v. Morristown

Obstetrics & Gynecology Assocs., P.A., 773 A.2d 665, 670 (N.J. 2001).

**A.      Application of the Terms and Conditions**

Plaintiff contends the Terms and Conditions are limited to the purchase of "computer

systems and/or related products," and he argues that an LCD television does not fall under this

limited category. This analysis ignores the context of the contract.

Under both Texas and New Jersey law when interpreting a term in a contract, it is

appropriate to look at the circumstances surrounding the formation of the contract.[2]  Pinehurst v.

Spooner Addition Water Co., 432 S.W.2d 515, 519 (Tex. 1968) ("We are to take the wording of

the instrument, consider the same in the light of the surrounding circumstances, and apply the

pertinent rules of construction thereto and thus settle the meaning of the contract."); Pacitti by

Pacitti v. Macy's, 193 F.3d 766, 773 (3d Cir. 1999) ("[T]he court reads the contract in the

context in which it was made."); Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d

1001, 1011 (3d Cir. 1980) ("The subject-matter of their negotiations may affect the meaning of

the words they employ, especially if, in connection with that subject-matter, the conventional

interpretation would give an unreasonable or absurd result.").

In general, LCD televisions would ordinarily not fall under the category of "computer

systems and or related products."  (Terms and Conditions.)  However, in the framework of a

television purchase, the Terms and Conditions can only reasonably apply to the television being

purchased.  Plaintiff's reliance on the warranty contained within the Terms and Conditions

---

[2] This Court agrees with Magistrate Judge Donio's conclusion that New Jersey law should be applied to the
formation of the contract.  However, there is no conflict between New Jersey and Texas law on this matter.

suggests that Mr. Davis himself knew that they applied.  (Am. Compl. ¶ 11.)  The only reasonable purpose of the inclusion of the Terms and Conditions in the steps required to make the television purchase would be the application of those Terms to that purchase.  This Court therefore finds the purchase of the LCD television was subject to the Terms and Conditions.

**B.      Choice of Law Provision**

Davis argues that the Texas choice of law provision should not be enforced.  Federal courts use the forum state's choice of laws rules to govern which state law will apply.  Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941).  New Jersey law is therefore used to determine whether the choice of law provision in the Terms and Conditions, requiring the application of Texas law to all claims, is enforceable.

Under New Jersey law, which follows Restatement (Second) Conflict of Laws § 187(2), such a provision is honored unless

> (1) [t]he state chosen has no substantial relationship to the parties or the transaction; or (2) application of the law chosen would conflict with a fundamental public policy of a state having a greater interest in determination of a particular issue and ... would be the state of the applicable law in the absence of an effective choice of law by the parties.

Id.  Defendant is a Texas corporation, and the substantial relationship between Defendant and Texas is uncontested by the plaintiff.

Plaintiff argues that Texas law conflicts with New Jersey's fundamental policy of ensuring the availability of consumer class actions and points to Muhammad v. County Bank of Rehoboth Beach, 912 A.2d 88 (N.J. 2006).  (Pl.'s Br. at 14-15.)  However, Muhammad does not stand for the proposition that class action waivers are per se unenforceable in New Jersey.  Homa v. Am. Express Co.,  496 F. Supp. 2d 440, 448 (D.N.J. 2007); Halprin v. Verizon Wireless Servs., LLC, 2008 U.S. Dist. LEXIS 28840 (D.N.J. Apr. 8, 2008).  The court in Muhammad

explicitly stated that its decision was not at odds with the decision in Gras v. Associates First Capital Co., 786 A.2d 886 (2001) where the appellate division held class action waivers are not necessarily unenforceable.  Muhammad, 912 A.2d at 101.  Muhammad instead holds that certain class action waivers act as exculpatory clauses shielding a party from a statutorily imposed duty, which is unconscionable and against public policy.  Id. at 100 (citing McCarthy v. NASCAR, Inc., 48 N.J. 539 (1967).  The clause at issue in Muhammad was functionally an exculpatory waiver because the plaintiff's "individual consumer-fraud case involve[d] a small amount of damages, rendering individual enforcement of her rights, and the rights of her fellow consumers, difficult if not impossible."  Muhammad, 912 A.2d at 99.  The analysis of whether a class action waiver if unenforceable is fact-intensive, and contracts must be looked at on a case by case basis to determine if they are unconscionable because they release a party from a statutorily-imposed duty.  Muhammad, 912 A.2d at 100 n.5.

Davis claims Dell has breached a statutory duty against consumer fraud.  (Compl. ¶¶ 52-61.)  However, this arbitration clause, even with a class action waiver, does not act as an exculpatory clause.  Davis offers no affidavit or evidence to support his belief that he, or those similarly situated, would be unable to effectively bring claims against Dell through individual arbitrations.  The Court in Muhammad noted that the clause at issue there was for a loan in which the chance of discovering the defendant's wrongdoing was small, and the amount of recovery was minimal.  The amount in question here, which is $1,000-$3,000 for each potential plaintiff, according to Davis, is significantly higher.  The Court also agrees with Judge Donio's commonsense observation that "Dell's allegedly fraudulent practice of replacing inoperable LCD televisions with more inoperable LCD televisions is not the type of wrongdoing likely to go unnoticed by consumers."  (Opinion at 18.)  A party trying to establish that a clause is

7

unconscionable bears a heavy burden and must show that the terms are such "that no reasonable man not acting under compulsion or out of necessity would accept them." Rotwein v. General Acci. Group, 103 N.J. Super. 406, 418 (1968). This Court finds that this case is distinguishable from Muhammad, and the class action waiver does not act as an unconscionable exculpatory clause. Though the class action waiver may "create an advantage" for Dell and "impose[] a hardship on" Davis, that is "insufficient to support a finding of unconscionability." Homa, 496 F.Supp.2d at 451.

The Third Circuit, noting that federal law regarding arbitration is controlling and state law must conform with it, has recently held that the FAA preempts state law when a state policy finds an agreement to arbitrate "unconscionable simply because it is an agreement to arbitrate," or simply due to the uniqueness of the arbitration provision, rather than as a matter of generally applicable contract law. Gay v. CreditInform, 511 F.3d 369, 393-95 (3d Cir. 2007). The court in Gay explicitly found that Pennsylvania law would hold arbitration agreements with class action waivers unconscionable but concluded the FAA preempted this state-law doctrine. Id. Judge Donio did not reach the issue of whether New Jersey law under Muhammad is inconsistent with federal law because the court in Muhammad did not find that class-arbitration waivers are unenforceable as a matter of New Jersey law and grounded its ruling in "generally applicable state contract law." Muhammad, 912 A.2d at 100-01. Similarly, this Court does not opine on whether New Jersey policy regarding arbitration is inconsistent with federal law.

The arbitration clause in the Terms and Conditions does not violate New Jersey's fundamental policy of ensuring the availability of consumer class actions, because no such fundamental policy exists. There is a public policy against exculpatory waivers of statutorily defined duties; however the class action waiver in this case is not an exculpatory clause.

Therefore, the arbitration clause is not against a fundamental public policy of New Jersey, and the choice of law clause in the agreement will be honored.  Texas law therefore governs, and the parties seem to agree that under Texas law, arbitration agreements with class action waivers are enforceable.  Sees AutoNation USA Corp. v. Leroy, 105 S.W.3d 190, 195  (Tex. App. Houston 14th Dist. 2003) (upholding arbitration provision containing a class action waiver).

**C.     Rules and Procedures of the NAF**

Plaintiff also suggests that the arbitration agreement is unconscionable because of inherent unfairness of the NAF, the arbitration forum provided for in the Terms and Conditions. The NAF has been repeatedly held up as a fair and reasonable forum.  See Marsh v. First USA Bank. N.A., 103 F. Supp. 2d 909, 926 (N.D. Tex. 2000) ("The Court is satisfied that NAF will provide a reasonable, fair, and impartial forum within which Plaintiffs may seek redress for their grievances."); Vera v. First USA Bank, N.A., No. Civ. A. 00-89, 2001 WL 640979, at 1 (D. Del. Apr. 19, 2001) ("NAF is a model for fair cost and fee allocation.").  The Court notes that "[a]side from. . . conclusory allegations, there is no evidence whatsoever that [Davis] would be unfairly treated by any arbitrator."  Marsh, 103 F. Supp. 2d at 925.  The Court does not find that requiring arbitration through the NAF is unconscionable.

**IV.     CONCLUSION**

For the reasons expressed above, this Court denies Davis's appeal and affirms Magistrate Judge Donio's order staying proceedings and compelling arbitration.


Dated:____8-15-08_____                         ____/s/ Robert B. Kugler_____
                                               ROBERT B. KUGLER
                                               United States District Judge

9